**668**

LI HUA TANG, Petitioner,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

No. 07–4881–ag.

United States Court of Appeals,
Second Circuit.

Aug. 18, 2009.

John Chang, New York, N.Y., for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General; M. Jocelyn Lopez Wright, Asst. Director; Mona Maria Yousif, Atty., Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Wash., D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge and JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Hua Tang, a native and citizen of the People's Republic of China, seeks review of an October 19, 2007 order of the BIA denying her motion to reopen. *In re Li Hua Tang*, No. A073 674 735 (B.I.A. Oct. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.

2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Tang's untimely motion to reopen.

Tang argues that the BIA erred in concluding that she failed to demonstrate either material changed country conditions sufficient to excuse her untimely motion to reopen or her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Similarly, Tang's argument that she was eligible to file a successive asylum application based on changed personal circumstances is foreclosed by our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo-

tion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).